Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of toys in the form of figures or images of animate objects, wholly or in chief value of metal, having any movable member or part but not having a spring mechanism, and valued at 30 cents or more per pound, the claim of the plaintiff was sustained.

**No. 59987.**—W. F. L. Drum Company et al. *v.* United States, protests 267775–K/ 7310, etc. (Chicago).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of vellum the same in all material respects as that the subject of Abstracts 57385 and 58987, the claim for free entry under paragraph 1736 was sustained.

**No. 59988.**—Railway Express Agency *v.* United States, protest 265292–K (San Francisco).

Opinion by OLIVER, C. J. An examination of the record failing to disclose any evidence sufficient to overcome the presumption of correctness attaching to the collector's action, the protest was overruled.

**No. 59989.**—Bourjois Mfg. Corp. et al. *v.* United States, protests 281546–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiffs was sustained.

**No. 59990.**—Frank P. Dow Co., Inc., and Inter-Continental Trading Corp. *v.* United States, protest 229070–K (Portland, Oreg.).

Opinion by MOLLISON, J. It was stipulated that the merchandise consists of wooden containers of typewriters which constitute the usual and ordinary con-

tainers of typewriters and are not suitable for any other use. On the record presented and following *United States* v. *American Railway Express Co.* (11 Ct. Cust. Appls. 211, T. D. 38968), the claim of the plaintiffs was sustained.

**No. 59991.**—Remington Rand, Inc. *v.* United States, protests 246076–K (A), etc. (New York).

Opinion by MOLLISON, J. It was stipulated that the merchandise consists of wooden containers of typewriters which constitute the usual and ordinary containers of typewriters and are not suitable for any other use. On the record presented and following *United States* v. *American Railway Express Co.* (11 Ct. Cust. Appls. 211, T. D. 38968), the claim of the plaintiff was sustained.

**No. 59992.**—Accurate Millinery Co. et al. *v.* United States, protests 188556–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of hoods the same in all material respects as those passed upon in *United States* v. *Accurate Millinery Co., Roberts, Reilly & Sons, et al.* (42 C. C. P. A. 229, C. A. D. 599), the claim of the plaintiffs was sustained.

**No. 59993.**—Richter Bros., Inc. *v.* United States, protest 251119–K (New York).

WILSON, Judge: The protest now under consideration covers two entries on merchandise from Germany. That part of the importation which is the subject of entry No. 838693 is covered by the following stipulation between the parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the merchandise marked "A" and checked JM (Examiner's Initials) by Examiner Jacob Moskowitz (Examiner's Name) on the invoices covered by the protest enumerated above, assessed with duty at the rate of 30 per centum ad valorem under the provisions of Paragraph 718 (a), Tariff Act of 1930, consists of herring fillets in sauce, packed in air-tight containers weighing with their contents not over 15 pounds each, not packed in oil or in oil and other substances and not herring smoked or kippered or in tomato sauce in immediate containers weighing with their contents over 1 pound each.

The merchandise in question in entry No. 838693 is claimed dutiable at the rate of 6¼ per centum ad valorem under paragraph 718 (b) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, supplemented by Presidential proclamation, T. D.